PER CURIAM:
Claimants broughtthis action for damage to their 1999 Mitsubishi Eclipse which occurred when claimant, Thomas Walker, was operating the vehicle on Cabin Creek Road near Chelyan, in Kanawha County, and the vehicle struck a large hole in the road. Respondent was x'esponsible at all times herein for the maintenance of Cabin Creek Road. The Court is of the opinion to deny this claim for the reasons set foith below.
According to claimant Thomas Walker, the incident giving rise to this claim occurred either on March 7,2003, or March 10,2003, between 6:30 p.m. and 7:00 p.m. Mr. Walker was driving their vehicle on Cabin Creek Road on his way home from work. He had a coworker in the vehicle with him on the evening at issue. It was a dark, rainy and somewhat foggy evening. Mr. Walker testified that the road surface was wet and that it was a little difficult to see given these conditions. Cabin Creek Road at this location is a two-lane, asphalt highway with a yellow center line and white lines on the edges. Mr. Walker testified that he was traveling Cabin Creek Road, as he does on a daily basis, when suddenly his front and rear right side tires struck a large hole in the road. Claimant drove the vehicle for approximately one mile further when he noticed that the right front tire was going flat. He turned off the road and changed the front tire with the help of his friend. Mr. Walker noticed that both passenger side tires and wheels were damaged. According to Mr. Walker, the hole was located within the travel portion of the road and within the area where the passenger side tires touch the pavement. He stated that he did not see the hole prior to striking it with the vehicle. Mr. Walker also stated that he drove past this location the day prior to the incident, and if the hole was present at that time, he did not see it. Further, Mr. Walker admitted that this hole may be the type that literally occurs overnight. Mr. Walker submitted an estimate into evidence in the amount of $ 1,865.60 for the cost of two new wheels and an estimate for two new tires in the amount of $ 194.82. Thus, claimants seek a total award of $2,060.42 in damages. Claimants have comprehensive insurance coverage which covered at least a portion of this loss. Mr. Walker could not recall the amount of claimants’ deductible feature and he did not have a certificate of insurance coverage, also referred to as a declaration of insurance or an abstract of coverage, available at tlie hearing of this matter. Thus, the Court instructed claimants to send a copy of their certificate of insurance coverage to the Court within thirty days which claimants have not done. Therefore, if there was a finding of liability on the part of respondent, the Comt would be unable to make an award without knowing the amount of insurance coverage available. See Sommerville v. Division of Highways, 18 0. a. 110(1991).
*69 Claimants contend that respondent knew or should have known of this hole in the road and that it should have taken more timely and adequate action to remedy this hazardous condition.
Respondent did not present any witnesses or direct testimony in this claim.
It is a well established principle that the State is neither an insurer nor a guarantor of the safety of motorists on its roads and highways. Adkins v. Sims, 46 S.E.2d 81 (W.Va. 1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that the respondent had actual or constructive notice of the road defect in question and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways 16 Ct. Cl. 103 (1986); Prittv. Dept. of Highways, 16 Ct. Cl. 8 (1985). In the present claim, claimants failed to establish by a preponderance of the evidence that respondent had notice of the defective condition on Cabin Creek Road which caused the damage to claimant’s vehicle. The evidence also established that this road is known for the propensity of holes to develop quickly and without warning due to the number of coal trucks using the road on a daily basis.
Therefore, in view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.